UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CASE NO. |
| Plaintiff, | Hon. |
| v. | |
| PRUDENTIAL PROTECTIVE SERVICES, L.L.C. | COMPLAINT AND JURY TRIAL DEMAND |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Cynthia Wertz who was adversely affected by such practices. The Commission alleges that Defendant, Prudential Protective Services, L.L.C., retaliated against Wertz by terminating her employment after she complained about sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern

Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Michigan corporation doing business in the State of Michigan, City of Southfield, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Prudential Protective Services, LLC (the "Employer") has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Wertz filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October 2008, Defendant Employer has engaged in unlawful employment practices at its Southfield, Michigan location in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). The Defendant's unlawful employment practices include terminating Wertz's employment in retaliation for her making a complaint alleging that she had been subjected to sexual harassment by an employee of one of Defendant's clients.

8. The effect of the unlawful conduct complained of in paragraph 7, above, has been to deprive Wertz of equal employment opportunities and otherwise adversely affect her status as an employee.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Wertz.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation against those who engage in activity protected by Title VII.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for those who engage in protected activity, and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant Employer to make whole Wertz, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E. Order Defendant Employer to make whole Wertz by providing compensation for past nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be proven at trial.

F. Order Defendant Employer to pay Wertz punitive damages for its malicious or

reckless conduct described in paragraph 7 above, in amounts to be proven at trial.

    H.    Grant such further relief as the Court deems necessary and proper in the public interest.

    I.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

_____
DEBORAH BARNO (P44525)
Supervisory Trial Attorney

Dated: September 27, 2010

OMAR WEAVER (P58861)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

DETROIT FIELD OFFICE
Patrick V. McNamara Building
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
Telephone: (313)226-3407